# llIN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 17-04047-CV-C-NKL |
| ) | |
| $12,900.00 IN UNITED STATES ) | |
| CURRENCY, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter is before the Court on the Application of the United States for a Clerk's Entry of Default [Doc. 9].

**I.  Background**

On November 19, 2015, Sedalia Police Department Officer Hardesty initiated a traffic stop for improper registration on a gray Chevrolet Impala. The driver was identified as Erica Scott and the passenger was identified as Dillon Naylor. Naylor told Officer Hardesty that he had just purchased the vehicle and that he is the sole owner. Officer Hardesty obtained consent to search the vehicle from Naylor. During the search, he located a bag in the trunk of the vehicle, inside of which he located a large stack of bundled US currency ($12,900.00), three handguns, a blue bag that contained a plastic bag with three individual plastic bags of a white crystal substance, believed to be methamphetamine, and a silver digital scale.

One of the firearms found was a Jimenez Arms Inc. Model JA Nine, 9mm, pistol, serial number 331456, which was reported stolen from Harrisonville, Missouri. The white crystal substance was later field tested using a Nartec methamphetamine detection swab, and it tested positive. Naylor was later indicted for possession with intent to distribute 50 grams or more of

methamphetamine in violation of 21 U.S.C. § 841, and felon in possession of firearms in violation of 18 U.S.C. § 922. *See United States v. Dillon Naylor*, Case No. 15-04061-CR-C-BCW.

The other items seized pursuant to the search are defendant properties: $12,900.00 in United States currency; the Hi-Point CF380, .380ACP pistol, serial number P919729; and the Beretta, Model 20 .25 caliber pistol, serial number BE05785V. On March 1, 2016, the above defendant properties were seized by the Bureau of Alcohol, Tobacco, Firearms, and Explosives in Kansas City, Missouri (ATF).

On or about March 15, 2017, a verified Complaint for Forfeiture *in Rem* was filed against the above-captioned defendant property seeking a forfeiture of $12,900 in United States Currency, the Hi-Point Firearm, and the Beretta Pistol pursuant to 21 U.S.C. §§ 881(a)(6) and 881(a)(11). [Doc. 1]. The Complaint alleges that the defendant property constitutes 1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; 2) proceeds traceable to such an exchange; or 3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act. The Complaint also alleged that the defendant firearms were used or intended to be used to facilitate the transportation, sale, receipt, possession or concealment of a controlled substance and any proceeds traceable to such property.

The only known potential claimants, Dillon Naylor and Erica Scott, were served by mailing a Notice of Complaint for Forfeiture and a copy of the Complaint by Certified Mail, Return Receipt. A signed return receipt from Dillon Naylor has been filed with this Court. The United States did not receive a return receipt from Erica Scott, but the U.S. Postal Service

tracking information shows that the Complaint and the Notice of Complaint were delivered on April 6, 2017.

Notice of the seizure and the requirements for filing a claim for the defendant property was properly posted on an official government internet site (www.forfeiture.gov) between April 14, 2017 until May 13, 2017. No known or unknown claimants have come forward in response to the United States' notification proceedings.

**II.    Discussion**

A person who asserts an interest in the defendant property must file a claim within, *inter alia*, the deadline set forth in the direct notice of the action sent by the Government to the claimant, or no later than 60 days after the first day of publication on the official internet government forfeiture site. 18 U.S.C. § 983(a)(4)(A); FRCP SUPP AMC Rule G(5)(a). A claimant must serve and file an answer to the complaint within 20 days after filing the claim. U.S.C. § 983(a)(4)(B); FRCP SUPP AMC G(5)(b).

It is within the discretion of the Court to enter a default judgment against a party who has failed to plead or defend. Fed. R. Civ. P. 55(b)(2). Claimants Dillon Naylor and Erica Scott have failed to plead or otherwise defend against the United States' Complaint for Forfeiture *in Rem* within the time allowed. As such, a judgment of default in favor of the United States is appropriate.

**III.    Conclusion**

For the above stated reasons, Plaintiff's Motion for Default Judgment, [Doc. 11], is granted.

s/ Nanette K. Laughrey<br>NANETTE K. LAUGHREY<br>United States District Judge

Dated: September 18, 2017
Jefferson City, Missouri